There are seven cases listed with Georgia Department of Labor:

1) Wayne County School System and First District Regional Educational Service Agency, 2009 – I had tenure in the county and the district, was working with a Professional Association of Georgia Educators (PAGE) Attorney, and the Georgia Department of Labor nor PAGE helped me get representation.
2) Altamaha Technical College, 2010 – I filed and lost again, I think.
3) Wayne County School System, 2011 – Instead of getting the teaching contract after teaching as a long term substitute for six months, instead of being hired on after Christmas with benefits, I got unemployment instead of a teaching contract.
4) Wayne County School System, 2012 – I took another long term substitute position because there were teacher vacancies, and they cut off my unemployment after the long term substitute position saying that I was on the substitute list. I never was on the substitute list, and I verified this with three schools. They cut off my funds like this, and I am single and self supportive. *They hired a younger teacher.*
5) Coastal Georgia Economic Opportunity Authority, Incorporated, 2013 – There was a Wayne County native behind me in the post office in Wayne County telling me Indeed.com where I found this position. They had another Wayne County native at my training event at Christmas time, and I lost my job after January. I have the original documents from this case if they are not accessible, and the Department of Labor did not help me get representation when they wanted this to go before a judge. I do not know if the judge read it, but they took my taxes and made me pay the money back. This is government funding, and I was following compliance. I can provide a full and complete explanation of this experience.
6) Ray City Pre-K – I have a complete file from this. There is a court case, but I could not get help from Georgia Legal Services, and I wrote the judge a letter stating I did not know how to complete the form. The supervisor made up a bunch of lies after I had already sent my mandated report. There are several service workers from the community that can verify my communication was professional. All of my work was complete, and I completed extra responsibilities. They stole my entire salary and retirement for one year. The Department of Labor made me file against the wrong employer, also.
7) McIntosh County Schools – I won and Beth Keaton told me there is no money in the account and there are no extensions after I had employment with two employers, in 2019, and both were supposed to become full time pre-k positions this year. I was made to leave both of them for giving reports about compliance. I can provide copies of the mandated reports, and one of them is the Coastal Georgia Area Community Action Authority, Incorporated file that is listed with Judge Hall. The Department of Labor is also sending letters wanting me to pay money back. I have always reported my earnings correctly and verified with human resources. There is no confirmation sheet to print when earnings are reported. I think they need to administratively be sure this can be verified for accurate records.

\* Georgia Department of Labor hearing officers choose which files they want to enter and which files they want to omit.

Additional Info. 1pg.

p. 1 of 1

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mary E. Noland
2280 Penholloway Road
Jesup, GA 31546

From: Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, GA 31406

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2019-01187 | Janice D. Smith, Investigator | (912) 920-4482 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    **No Employer/Employee Relationship**

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Omayra Padilla,
Director

8/20/19 (Date Mailed)

Enclosures(s)

cc: Elizabeth Warner
Director Workforce Solutions-Equal Opportunity
Administrator
**GEORGIA DEPARTMENT OF LABOR**
148 Andrew Young Int'l Blvd.
Suite #426
Atlanta, GA 30303

EEOC File p. 1 of 7

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Agency(ies) Charge No(s): <br> 415-2019-01187 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) <br> **Miss Mary E. Noland** | Home Phone (Incl. Area Code) <br> (912) 256-0954 | Date of Birth <br> 1977 |
|---|---|---|
| Street Address <br> **2280 Penholloway Road, Jesup, GA 31546** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name <br> **GEORGIA DEPARTMENT OF LABOR** | No. Employees, Members <br> **500 or More** | Phone No. (Include Area Code) <br> (404) 232-7300 |
|---|---|---|
| Street Address <br> **148 Andrew Young International Boulevard, N. E., Atlanta, GA 30303** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-29-2019   Latest: 03-29-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On March 29, 2019, Beth Keaton informed me that there was no help for me and that my money was out. I was never told to file with the Equal Employment Opportunity Commission. I have been harassed over a long period of time. In 2017, I told Ms. Keaton that I needed to file against Ray City Pre-K and she refused to allow me to file unemployment against them; thereby, making me file against my part-time employer (Evans County Schools) where I was substituting. I had applied for benefits in 2009, 2010, 2013, 2017 and 2019.

II. No reason was given for the above actions.

III. I believe that I have been discriminated against because of my age (42) and due to retaliation for having opposed an employment practice believed to be in violation of the Age Discrimination in Employment Act of 1967, as amended; and because of my national origin (Native American 7% Cherokee) and due to retaliation for having opposed an employment practice believed to be in

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

August 9, 2019   Mary Elizabeth Noland
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

RECEIVED AUG 12 2019 EEOC-SLO

EEOC File p. 2 of 7

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 415-2019-01187 |
| | | and EEOC |

State or local Agency, if any

violation of Title VII of the Civil Rights Act of 1964, as amended; and because of my disability and due to retaliation for having opposed an employment practice believed to in violation of the Americans with Disabilities Act of 1990, as amended.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| August 9, 2019   Mary Elizabeth Noland <br> Date                Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br> RECEIVED AUG 12 2019 EEOC-SLO |

EEOC File p. 3 of 7

**Enter Under Wayne County** ~~Inquiry # 415-2019-01184 p.1 of 1~~

Inquiry # 415-2019-01187
Inquiry # 415-2019-~~01184~~ 01192

**Georgia Department of Labor**

The Georgia Department of Labor and all of the government employers never told me to file with Equal Employment Opportunity Commission. This is the reason all of the files are being entered at once, and this has been harassment over a long period of time.

Beth Keaton told me my money was out, in March 2019. She told me I could file against the employers I worked for, in 2019, but she was not helping me because there is no money in the account.

2017 – I told Beth Keaton I needed to file against Ray City Pre-K, and she refused to allow me to file against them, making me file against the part time employer, Evans County Schools, where I was substituting (discrimination).

2013 – Valdosta, Georgia – They made me pay the money back when Department of Labor did not tell me the procedures for getting representation after Head Start wanted to go to court because I received unemployment after their employees' behaviors, wrongful termination and harassment on the job. Racial discrimination is the judge was the same as the manager and specialist who entered my work area and started an argument with me while I was completing responsibilities, first thing in the morning.

2010 – Wayne County Department of Labor did not tell me how to have a hearing when I was denied unemployment from Altamaha Technical College, after wrongful termination and harassment on the job.

2009 – Wayne County Department of Labor, Inez Strickland from Jesup and Ms. Dyal from Baxley, did not tell me how to have a hearing when I was denied unemployment after Wayne County lied and I gave my contract back to GNETS when I had tenure with both employers.

\* Online applications started that year, and that did not improve my communication disability. My disability is a social disorder, a result of having one disabled family member and one abusive family member. It is not extreme unless people "play dramatically, causing unnecessary stress," ignore me, or blame me for their wrongdoing.

— Janis Smith said no jurisdiction or employer relationship, so I can enter it, it will be dismissed, and notice of right to sue will be issued, so after I scribbled it out we are entering it under Under Department of Labor.   \* She originally said I would need to include this with Wayne County.

EEOC file p. 4 of 7

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking with your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC File p.5 of 7

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC File p. 6 of 7

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

**Please notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC File p. 7 of 7