FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2020 JUL 21 AM 10: 05
CLERK _d Taylor_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARY ELIZABETH NOLAND, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.:2:19-cv-114 |
| ) | |
| v. ) | |
| ) | |
| MARK BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |

## OBJECTIONS

Plaintiff, Mary Elizabeth Noland, files these objections respectfully requesting to proceed in forma pauperis with at least one case filed in United States District Court, Southern District of Georgia, Brunswick, Georgia. There are seven cases filed. For some reason, plaintiff received communication about this case from Judge Lisa Godbey Wood the week of July 12-18, 2020. This case is not assigned to Judge Lisa Godbey Wood. It is assigned to Judge Benjamin W. Cheesbro. The communication "ORDER" date shows 14 July 2020.

The 14 July 2020 communication accuses plaintiff of submitting ostensibly and untimely. Ostensibly means "not actually." Plaintiff is attaching the letter that actually was mailed to the clerk's office April 10, 2020. The original request was for a response by April 14, 2020. The 14 July 2020 communication accuses plaintiff of saying the clerk's office was closed April 8, 2020. Plaintiff talked with Candy (unsure if name is spelled correctly) who told plaintiff the office was closed and plaintiff could mail or use a drop box. Plaintiff is not attempting to manage the clerk's office, but plaintiff considers telephone calls to a judicial institution important, and a call log requirement of the secretaries or receptionists, at the clerk's office, would be documentation on the clerk's office end. Plaintiff documented the call in writing, immediately, and mailed it with request for assistance, April 10, 2020. For this reason, plaintiff mailed because plaintiff did not know what a drop box arrangement was, and the clerk's office was definitely closed to the public with a drop box. The drop box was still being used 26

June 2020, so plaintiff knows for a fact this is true, office has been closed. During the telephone call with Candy, plaintiff was also told plaintiff could not talk with clerk of court, Sherry (unsure if name is spelled correctly). Sherry is the person who explains procedures to clients until legal counsel can be obtained. For these reasons, plaintiff mailed written communication to the clerk office before the April 14, 2020 due date set by Judge Benjamin W. Cheesbro. In the attachment, it is clear the plaintiff is requesting the clerk call immediately to help with appropriate format. Plaintiff can be rightfully accused of not knowing the appropriate format, but plaintiff is wrongfully accused of untimely response. The verification of receipt is also attached. This document was mailed the same date as a document was mailed to Washington, District of Columbia, and the document mailed to District of Columbia, April 10, 2020, was received the week of April 12-18, 2020 while the Brunswick, Georgia document, mailed April 10, 2020, was received the week of April 19-25, 2020. The Brunswick Clerk office can research the reason for their untimely receipt if necessary. It is a fact plaintiff made timely response. Also, the save date of the document can be photographed and included on the attachment if necessary (see Attachments 1 & 2, July 21, 2020).

This 14 July 2020 communication also accuses plaintiff of "waiting until June 26, 2020 – more than a month and a half after this Court entered judgment." The last, prior 14 July 2020, communication document plaintiff has in hand at this moment about this case is dated 14 May 2020. It would have been received by plaintiff the week of May 17-23, 2020. On May 22, 2020, plaintiff was a victim of assault. Plaintiff can provide a copy of an x-ray from the assault that is a result of plaintiff having to beg for donations as a result of unemployment and no financial support. Plaintiff is enclosing a copy of the document where Georgia Department of Family and Children Services entered their documentation plaintiff's abuse was being investigated after plaintiff reported verbal abuse and threats one month after plaintiff had to begin asking for donations, in 2019, as plaintiff was waiting for Social Security Administration to collect information about plaintiff's disability, neck fracture and shoulder injury. It is a fact that plaintiff is able to avoid this type of abuse when plaintiff is financially self-supported, and plaintiff has literally begged for help with employment discrimination. It took plaintiff more than a week to be able to lift right arm for grooming and writing purposes. Plaintiff also has had trouble borrowing

technology, paying for copies, getting mailing money or gas money. For these reasons, it took plaintiff a few extra weeks, and also, plaintiff had to call a clerk office in another district to find out how to correctly format the objection after trying to communicate with the Brunswick office, April 2020 (see Attachment 3, July 21, 2020).

Plaintiff is being accused of "not being responsive to Report and Recommendation." The information in the objections is definitely responsive to Judge Benjamin W. Cheesbro's 31 March 2020 document where he called plaintiff's files "frivolous." Every incident included in plaintiff's 26 June 2020 Objection is included in the original file, from 2019, and more incidents of unlawful actions of government employees are included in the original file, from 2019. Plaintiff has evidence of asking Georgia Legal Institutions for help with discrimination, continually, since the first major incident of discrimination, 2009. Plaintiff has not entered an exact number to avoid false documentation in the court files, but five hundred thousand dollars is a reasonable and underestimate. Also, by waiting until later, this court could be unable to effectively retrieve relevant documents about federal law for student services that are not uploaded into technology. The documents are removed from student files, placed in locked containers, and emptied periodically or annually. The inability to proceed with the cases can hinder the school systems entering relevant evidence, such as dissemination forms. These forms are included in mandated reports from plaintiff.

Plaintiff has evidence to prove financial situation, timely communication, and relevance, and plaintiff objects, July 21, 2020.

RESPECTFULLY SUBMITTED,

*Mary Elizabeth Noland*

MARY ELIZABETH NOLAND
2280 Penholloway Road
Jesup, Georgia 31546
(912) 256-0954 phone

## U.S. DISTRICT COURT PLEADING SUBMISSION FORM

1) **CASE NUMBER:** 2:19-cv-108; 2:19-cv-113; 2:19-cv-114; 2:19-cv-115; 2:19-cv-127; 2:19-cv-152; 2:19-cv-153

2) **TITLE OF THE CASE:** Mary Elizabeth Noland, Plaintiff

3) **PLEADING BEING SUBMITTED:**
OBJECTIONS p.1-3 + Attachments p.1-3, July 21, 2020  — 24 sheets + Submission Form

4) **YOUR NAME AND ADDRESS:** Mary Elizabeth Noland
2280 Penholloway Road
Jesup, Georgia  31546

5) **PHONE NUMBER:** (912) 256-0954

6) **DATE:** July 21, 2020

***PLEASE ATTACH THIS FORM TO YOUR PLEADING AND PLACE IT IN THE DROP BOX***